UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CLIFFORD D. MORRIS,                                                                                Plaintiff

v.                                                        Civil Action No. 3:18-cv-634-RGJ

MARK BOLTON, *et al.*                                                     Defendants

\* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

By Order entered March 13, 2019, the Court directed *pro se* Plaintiff Clifford D. Morris, a recently released prisoner, either to pay the full $350.00 balance of the filing fee to the Clerk of Court or to file a non-prisoner application to proceed without prepayment of fees (DN 8). The Court warned Plaintiff that failure to comply within 30 days from entry of that Order would result in dismissal of this action. The 30-day period has expired without compliance by Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an

inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff failed to comply with a straightforward Order of this Court, despite being warned that dismissal would occur without compliance, the Court concludes that Plaintiff has abandoned any interest in prosecuting this action.

Therefore, this action will be dismissed by separate Order. This matter could be reopened if so requested in a timely manner.

Date:



cc: Plaintiff, *pro se*
A961.005